JOHN DOE, RICHARD ROE, JANE JOE AND MARY POE, APPELLANTS, v. RICHARD BRYAN, GOVERNOR OF THE STATE OF NEVADA, RESPONDENT.

No. 16978

December 4, 1986 728 P.2d 443

*Rodney E. Sumpter,* Reno, *McCutchen, Doyle, Brown & Enersen* and *Sherri J. Conrad,* San Francisco, California, for Appellants.

*Brian McKay,* Attorney General, and *Bryan Nelson,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an action brought under Nevada's Declaratory Judgment Act, NRS 30.040,[1] seeking to have NRS 201.190 declared unconstitutional under the Nevada and United States Constitutions.[2] Appellants are four adult homosexuals, two male and two female, none of whom has been arrested or prosecuted for violating NRS 201.190.

Appellants allege that engaging in conduct prohibited by NRS 201.190 is a fundamental element of development and expression, necessary for fulfillment as a human being. Appellants claim that they desire to engage in such conduct.

Appellants allege that state and local law enforcement officials would prosecute private consensual conduct proscribed by NRS 201.190 if those officials possessed evidence of such a violation. Respondent maintains that appellants' appeal should be dismissed on the grounds that appellants lack standing to complain because appellants have not been arrested or prosecuted for a violation of NRS 201.190. Respondent also contends that the Governor was not the proper defendant in this action because the Governor is powerless to prosecute appellants under the statute.

The district court granted the motion to dismiss because appellants had never been arrested, prosecuted or threatened with prosecution for violation of NRS 201.190. The district court also held that the Governor was an improper defendant because his duties do not encompass the initiation of criminal prosecution.

---

[1]NRS 30.040 provides as follows:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

[2]NRS 201.190 (1986) deals with infamous sexual offenses:

> 1. Except as provided in NRS 200.366 and 201.230, every person of full age who commits the infamous crime against nature shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years.
> 2. The "infamous crime against nature" means anal intercourse, cunnilingus or fellatio between consenting adults of the same sex.

The issue of standing is dispositive of this appeal and obviates the need to address other specified issues. Resolving the single issue against appellants, we affirm the district court's dismissal of the action for declaratory relief.

In Steffel v. Thompson, 415 U.S. 452, 458-59 (1973), the United States Supreme Court declared that an actual controversy is essential to judicial relief under the Federal Declaratory Judgment Act and that the validity of criminal statutes may be assailed only if the threat of criminal prosecution is not "imaginary or speculative." *Id.* at 459. This same test has been embraced by state courts. Wills v. O'Grady, 409 N.E.2d 17 (Ill.App.Ct. 1980); Berg v. City of Chicago, 240 N.E.2d 344 (Ill.App.Ct. 1968).

Nevada has a long history of requiring an actual justiciable controversy as a predicate to judicial relief. Moreover, litigated matters must present an existing controversy, not merely the prospect of a future problem.

In Southern Pacific Co. v. Dickerson, 80 Nev. 572, 397 P.2d 187 (1964), this court stated that a justiciable controversy was a preliminary hurdle to an award of declaratory relief. *Id.* at 576, 397 P.2d at 190. The definition of a justiciable controversy was expressed by this court in Kress v. Corey, 65 Nev. 1, 189 P.2d 352 (1948):

> (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

*Id.* at 26, 189 P.2d at 364.

*Kress* also indicates that a declaration is unavailable when the damage is merely apprehended or feared. *Id.* at 28-29, 189 P.2d at 365. This policy has been adopted by many courts. In Wills v. O'Grady, 409 N.E.2d 17 (Ill.App.Ct. 1980), an Illinois court held that "the requirement of an actual controversy has been construed as requiring a concrete dispute admitting of an immediate and definitive determination of the parties' rights." *Id.* at 19. In *Wills*, because there was no allegation either that the plaintiff was immediately arrested for the activity for which he sought protection or that he would necessarily face the threat of prosecution if he repeated that behavior, no actual controversy was

found. There was no immediate danger of injury as a result of enforcement.

This same rationale was used to dismiss the Doe plaintiffs in Hardwick v. Bowers, 760 F.2d 1202 (11th Cir. 1985), the predecessor to the United States Supreme Court's recent decision on Georgia's sodomy laws.[3] In *Hardwick,* the Eleventh Circuit found that the Doe plaintiffs lacked standing to challenge Georgia's sodomy laws because they did not allege in their complaint that they faced a serious risk of prosecution. *Id.* at 1206. They gave the court no indication of an imminent and realistic threat of prosecution.

Appellants here allege that they have never been arrested for violating NRS 201.190 and the record does not reflect any enforcement efforts by the State against appellants or others.

There is no indication that appellants are facing an immediate threat of arrest for violation of NRS 201.190 or that the risk of prosecution is, to any degree, more than imaginary or speculative. Therefore, this court affirms the dismissal of appellants' complaint by the district court because appellants lacked standing to seek declaratory relief.

---

[3]In Bowers v. Hardwick, 106 S.Ct. 2841, 54 U.S.L.W. 4919 (1986), the Supreme Court did not address the issue of the Doe plaintiffs who had been dismissed out of the case for lack of standing by the district court. The dismissal for lack of standing was acknowledged by the Eleventh Circuit.