# IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP J. LYONS,
Appellant,
vs.
THE STATE OF NEVADA; AND DAVID ROGER, DIST. ATTY. OF CLARK CO., NEVADA,
Respondents.

No. 66776

**FILED**

JUN 20 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order granting a motion to dismiss in a civil rights action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Having considered appellant's pro se appeal statements and the record, we conclude that the district court properly dismissed appellant's action due to lack of standing. *See Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) ("Standing is a question of law reviewed de novo."). Although appellant contends that he "remain[s] realistically subject and threatened with prospective deprivations of [his] liberty and constitutional rights under one or more of the challenged circumstances," nothing in the record suggests as much.[1] Thus, appellant lacks standing to seek to enjoin the enforcement of the challenged statutes. *See Doe v. Bryan*, 102 Nev. 523, 525-26, 728 P.2d 443, 444-45 (1986) (concluding that plaintiffs lacked standing to bring a pre-enforcement challenge to a statute when plaintiffs were not "facing an

---

[1]We disagree with appellant's contention that he is more likely to be prosecuted and convicted under the challenged statutes simply because he has previously been prosecuted and convicted under those statutes.

16-19136

immediate threat of arrest for violation of [the statute]" and when "the risk of prosecution" under the statute was "imaginary [and] speculative" (citing *Steffel v. Thompson*, 415 U.S. 452, 458-59 (1973))); *see also Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342-43 (2014) (observing that a plaintiff's intent to engage in statutorily proscribed conduct is a relevant factor in determining whether the plaintiff has standing to bring a pre-enforcement challenge to the statute).

Additionally, appellant's argument about being prevented from participating at the hearings does not warrant reversal. Appellant's suggestion that the district court's dismissal decisions were "based heavily in part on the oral arguments of defense counsel" is belied by the record. The hearing minutes indicate that there was no oral argument, and the district court's written orders indicate that the court's dismissal decisions were based solely on the parties' written motion practice. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc: Hon. Kenneth C. Cory, District Judge
Phillip Jackson Lyons
Attorney General/Carson City
Clark County District Attorney/Civil Division
Eighth District Court Clerk