# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE CARLI LYNN
KIERNY, DISTRICT JUDGE,
and
Respondents,
JENNIFER LYNN PLUMLEE,
Real Party in Interest.

No. 82236

FILED

MAY 19 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



THE STATE OF NEVADA,
Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE CARLI LYNN
KIERNY, DISTRICT JUDGE,
Respondents,
and
MATTHEW HANEY MOLEN,
Real Party in Interest.

No. 82249

## ORDER GRANTING PETITIONS

These original petitions for writs of mandamus challenge the district court's decisions to grant relief in the misdemeanor appeals filed by real parties in interest Jennifer Plumlee and Matthew Molen based on a separation-of-powers violation relating to Deputy District Attorney Melanie

Scheible's dual service as a prosecutor and legislator.[1] The State argues that the district court abused its discretion because Plumlee and Molen forfeited their separation-of-powers claims by not raising them in the trial court. We agree.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office or to control a manifest or arbitrary or capricious exercise of discretion. NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A manifest abuse of discretion occurs when there is a clearly erroneous interpretation or application of the law, and "[a]n arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal citations and quotation marks omitted). A writ of mandamus usually will not issue when there is a plain, speedy, and adequate remedy at law. NRS 34.170. It is within the discretion of this court to determine if a petition for extraordinary relief will be considered. *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982). We choose to entertain these petitions because they assert a manifest abuse of discretion based on a legal error and the State has no other remedy to challenge the district court's decisions. *See City of*

---

[1]The State alternatively seeks writs of prohibition. However, "[a] writ of prohibition . . . will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration." *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980). As the district court had jurisdiction over Plumlee's and Molen's appeals, writs of prohibition are not the way to challenge the district court's decisions.

*Las Vegas v. Eighth Judicial Dist. Court*, 133 Nev. 658, 660, 405 P.3d 110, 112 (2017) (exercising discretion to entertain mandamus petition filed by the State that asserted the district court's appellate decision was contrary to established rules of law, namely the general rule that forfeited errors will only be considered on appeal in accord with the plain-error rule).

Although Scheible's dual service was publicly known before the trials in these cases, Plumlee and Molen did not complain about it before the trial court. The State therefore is correct that they forfeited any alleged error based on Scheible's dual service. "The failure to preserve an error, even an error that has been deemed structural, forfeits the right to assert it on appeal." *Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018); *see also United States v. Olano*, 507 U.S. 725, 731 (1993) ("No procedural principle is more familiar to this Court than that a constitutional right, or a right of any other sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right. . . ." (internal quotation marks omitted)). Although forfeited error may be reviewed, "[b]efore [an appellate court] will correct a forfeited error, an appellant must demonstrate that: (1) there was an 'error'; (2) the error is 'plain,' meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Jeremias*, 134 Nev. at 50, 52, 412 P.3d at 48-49; *see also* NRS 178.602

In granting relief despite the forfeitures, the district court did not address the required plain-error analysis. And it is clear that Plumlee and Molen did not satisfy the third prong of the plain-error analysis—that

any error based on Scheible's dual service affected their substantial rights.[2] "Under Nevada law, a plain error affects a defendant's substantial rights when it causes actual prejudice or a miscarriage of justice (defined as a grossly unfair outcome)." *Id.* at 50-51, 412 P.3d at 49 (internal quotation marks omitted). This showing requires more than simply asserting that the error was structural and that automatic reversal is consequently warranted; rather, an appellant must "demonstrate that relief is warranted by pointing to the facts and circumstances of the case presented." *Id.* at 51, 412 P.3d at 49. Plumlee and Molen have not identified any prejudice flowing from Scheible's prosecution of them while she also held the office of legislator, and they have not demonstrated Scheible's dual service caused a grossly unfair outcome at trial. Further, Plumlee and Molen have not demonstrated that a dual service violation is inherently prejudicial.[3] *Id.* In fact, Plumlee and Molen never presented any argument in the appellate proceedings in support of plain-error analysis, including any argument that the potential error "seriously affect[ed] the integrity or public reputation of

---

[2]We express no opinion as to whether they satisfied the first and second prongs. We further conclude that the district court should not have considered the separation-of-powers argument in Plumlee's case because Plumlee improperly raised the issue for the first time in a motion to reconsider the denial of her direct appeal.

[3]Plumlee's and Molen's complaints about Scheible's role as a prosecutor improperly influencing her role as a legislator do not establish prejudice or a miscarriage of justice in their criminal cases and are not remediable in these proceedings. *See Heller v. Nevada State Legislature*, 120 Nev. 456, 466-72, 93 P.3d 746, 752-56 (2004); *see also* Nev. Const., art. 4, § 6 ("Each House shall judge of the qualifications, elections and returns of its own members, choose its own officers . . . determine the rules of its proceedings and may punish its members for disorderly conduct, and with the concurrence of two thirds of all the members elected, expel a member.").

the judicial proceedings," *Gaxiola v. State*, 121 Nev. 638, 654, 119 P.3d 114, 118 (2002), despite it being their burden to do so, *Jeremias*, 134 Nev. at 50, 412 P.3d at 48-49.[4]

To the extent that Plumlee and Molen argue that a separation-of-powers violation cannot be forfeited, we disagree.[5] We see no reason to treat a dual service separation-of-powers violation differently from the other constitutional errors that may be forfeited if not properly raised before the trial court. Although this court previously stated that "structural protections [like the separation-of-powers doctrine] cannot be waived," this statement was made in the context of a separation-of-powers violation

---

[4]Our dissenting colleague suggests that it was appropriate for the district court to consider an unpreserved constitutional issue that affects judicial integrity. However, as stated above, the correction of forfeited error, even when the error is deemed structural constitutional error, requires the appellate court to apply plain-error analysis, and the burden is on the appellant to demonstrate there was a plain error that affected his or her substantial rights. Here, the real parties in interest never argued plain error in the district court, and the district court, acting as an appellate court, ignored the State's forfeiture argument and did not apply plain-error analysis in resolving the appeals.

[5]Plumlee and Molen mistakenly rely upon *Del Papa v. Steffen*, 112 Nev. 369, 915 P.2d 245 (1996), to argue that any actions taken by Scheible are void due to a separation-of-powers violation. Actions taken by the court were void in *Steffen* because the court lacked subject matter jurisdiction to take the challenged actions at all. *Id.* at 375, 915 P.2d at 249. But subject matter jurisdiction is not at issue in these cases where the challenges were based on a dual service separation-of-powers violation. *See Walcott v. Wells*, 21 Nev. 47, 63, 24 P. 367, 373 (1890) (observing that the question of whether a court has jurisdiction is entirely separate from a challenge to the right of a particular person to hold the office). The justice courts had subject matter jurisdiction over the criminal cases. NRS 4.370(3). Thus, Plumlee and Molen were required to demonstrate actual prejudice or a miscarriage of justice as discussed above.



involving one branch of government improperly delegating its powers to another branch of government. *Comm'n on Ethics v. Hardy*, 125 Nev. 285, 300, 212 P.3d 1098, 1108-09 (2009). In that context, allowing *a branch of government* to waive or acquiesce to a separation-of-powers violation effectively defeats the clause's purpose. These cases do not involve similar circumstances. Under these circumstances, the district court manifestly abused its discretion in failing to apply plain-error analysis and a writ of mandamus should be issued in each case.

In reaching this decision we express no opinion on the merits of the separation-of-powers issue because it was not properly raised by Plumlee or Molen. "[I]t is a well-established rule of this and other courts that constitutional questions will never be passed upon, except when absolutely necessary to properly dispose of the particular case. . . ." *State v. Curler*, 26 Nev. 347, 354, 67 P. 1075, 1076 (1902); *see also Western Cab Co. v. Eighth Judicial Dist. Court*, 133 Nev. 65, 67, 390 P.3d 662, 667 (2017) (recognizing that this court "avoid[s] legal and constitutional issues if unnecessary to resolve the case at hand"). Further, this court has disfavored issuing an advisory decision in procedurally deficient cases because the court's duty is "to resolve actual controversies."[6] *Personhood*

---

[6]Our dissenting colleague urges us to consider the issue under this court's power of supervisory or advisory mandamus. While this court has on occasion considered mandamus relief where the petitioner has not met the requirements for traditional mandamus relief but nevertheless presented "legal issues of statewide importance requiring clarification, and our decision . . . promote[d] judicial economy and administration by assisting other jurists, parties, and lawyers," we have strictly limited such advisory mandamus because it expands the common law and statutory authorization for mandamus relief. *Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 683-84, 476 P.3d 1194, 1199 (2020). In these cases, we are

Supreme Court
OF
Nevada

(O) 1947A

*Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (declining to consider merits of issue where the case had become moot); *see also Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (declining to consider substantive issue where the issue of standing was dispositive); *Applebaum v. Applebaum*, 97 Nev. 11, 12, 621 P.2d 1110, 1110 (1981) ("This court will not render advisory opinions on moot or abstract questions."). Reaching the separation-of-powers issue at this time is particularly concerning as there has not been an opportunity for a full hearing on the issue of dual service, where the parties may develop the facts and where the named parties may participate in proceedings that may affect their employment with the Executive Branch.[7] Given the procedural deficiencies in the petitions and the concerns expressed above, we think it is unnecessary to address the merits of the separation-of-powers issue at this time.

Because Plumlee and Molen did not demonstrate that their substantial rights were affected by the dual service, we conclude that the district court manifestly abused or arbitrarily or capriciously exercised its discretion in granting relief and reversing the convictions. Accordingly, we ORDER the petitions GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE WRITS OF MANDAMUS instructing the district court in Docket No. 82236 to vacate its Order Granting Appellant's Motion to Reconsider, Granting the Appeal, Reversing Conviction, and

_____

not inclined to turn to advisory mandamus for the real parties in interest, who forfeited the issue by failing to raise it in the trial proceedings.

[7]A separation-of-powers challenge naming a number of members of the Legislature, including DDA Scheible, has been raised in an action for declaratory relief in the district court. *Nev. Policy Research Inst. v. Cannizzaro*, 138 Nev. ___, Adv. Op. 28, ___ P.3d ___ (2022).

Remanding to Lower Court, and in Docket No. 82249 to vacate its Order Granting the Appeal, Reversing Conviction, and Remanding to Lower Court and to consider any issues raised in the appeal in that case that have not yet been resolved.

                                          , C.J.
Parraguirre

                                          , J.
Hardesty

                                          , J.
Stiglich

                                          , J.
Cadish

                                          , J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A

SILVER, J., concurring:

I concur in result only as I believe that both Plumlee and Molen forfeited their rights to assert the alleged error on appeal by failing to object to it in the trial courts. *See Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018). Furthermore, both failed to establish plain error. *See id.*

_____, J.
Silver

 

PICKERING, J., dissenting:

The central substantive question that the State's writs present—whether Scheible could constitutionally enforce Nevada's laws as a prosecutor while serving as a state legislator—is one of statewide importance, and our decision thereon would promote judicial integrity and administration. Viewed holistically, then, the merits of the State's petitions are writable under this court's power of supervisory mandamus. *See Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 683, 476 P.3d 1194, 1198 (2020) (noting that supervisory mandamus may lie if a petitioner presents "legal issues of statewide importance requiring clarification, and our decision . . . promote[s] judicial economy and administration by assisting other jurists, parties, and lawyers" (internal quotation marks omitted)). And I would reach and fully resolve the serious constitutional and criminal procedure issues they present under those auspices.

The majority instead parses the aggregate constitutional inquiry. They isolate a single element of the plain error test—whether the alleged error affected Jennifer Plumlee's and Matthew Molen's substantial rights—and limitedly examine it using the court's standard for traditional writ relief: whether the district court manifestly abused its discretion based on "[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *State v. Eighth Judicial Dist. Court*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)). But the district court's consideration of these unpreserved challenges to the constitutionality of Scheible's work as a prosecutor was not so far afield as to satisfy that onerous standard.

We have repeatedly stated that appellate courts have the "discretion to address an [unpreserved] error if it is plain and affected the defendant's substantial rights." *Green v. State*, 119 Nev. 542, 545, 80 P.3d



93, 95 (2003) (quoting *Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001)); *see* NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). And the majority's reading of *Jeremias v. State*, 134 Nev. 46, 50-51, 412 P.3d 43, 49 (2018), to invariably require the appellant to show case-outcome prejudice to satisfy this standard is not one that our caselaw supports. *See Barral v. State*, 131 Nev. 520, 525, 353 P.3d 1197, 1200 (2015) (noting that an unpreserved structural error—in *Barral*, the failure to swear in a jury panel before voir dire—was "reversible per se" and that "defendant need not prove prejudice to obtain relief"); *Green*, 119 Nev. at 545, 80 P.3d at 95 (adopting *United States v. Olano*, 507 U.S. 725, 735 (1993) for the purposes of plain-error review); *cf. Olano*, 507 U.S. at 735 (explaining that there "may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome"); *Carroll v. State*, 132 Nev. 269, 279, 371 P.3d 1023, 1030 (2016) (recognizing that this court may address an unpreserved constitutional issue). One need only briefly consider the issue of discrimination in jury selection—a constitutional error under *Batson v. Kentucky*, 476 U.S. 79 (1986)—to see how troubling it would be to require the appellant to show actual prejudice stemming from the State's plain violation of that standard in every instance. *See Olano*, 507 U.S. at 743-44 (Stevens, J., dissenting) (citing the example of racial discrimination in the selection of a grand jury and explaining that "[a]t least some defects bearing on the jury's deliberative function are subject to reversal regardless of whether prejudice can be shown, not only because it is so difficult to measure their effects on a jury's decision, but also because such defects 'undermin[e] the structural integrity of the criminal tribunal itself'") (second alteration in original) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 263-64 (1986)).

Instead, our precedent suggests that even an unpreserved error that does not provably prejudice a case outcome can still warrant consideration if that error "seriously affects the integrity or public reputation of the judicial proceedings." *Gaxiola v. State*, 121 Nev. 638, 654, 119 P.3d 1225, 1236 (2005) (quoting *Rowland v. State*, 118 Nev. 31, 38, 39 P.3d 114, 118 (2002)). Allegations of a prosecutor's unconstitutional employment are of such a caliber; thus, the unpreserved error in this case is one that Nevada law suggests a court should consider.[1] The district court was not obviously wrong in so doing.

Accordingly, I cannot join the majority. Either this court should use its supervisory powers to examine and decide the constitutional question in its entirety—as I would prefer—or it should summarily deny the State's petitions based on its failure to adequately carry its burden under the traditional writ relief standard. *State v. Second Judicial Dist. Court (Ayden A.)*, 132 Nev. 352, 354, 373 P.3d 63, 64 (2016). For these reasons, I respectfully dissent.

_____ , J.
Pickering

---

[1]At most, Nevada law is opaque on when a constitutional issue that did not affect a case's outcome but affects judicial integrity should be considered. *Compare Carroll*, 132 Nev. at 279, 371 P.3d at 1030, *with Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015). Nor does *Jeremias*, 134 Nev. at 50-51, 412 P.3d at 49, satisfactorily answer that question, because the court did not consider it. *See People v. Ault*, 95 P.3d 523, 533 n.10 (Cal. 2004) ("It is axiomatic that cases are not authority for propositions not considered."). But even granting this uncertainty demonstrates the lack of clarity surrounding the district court's supposed error.

cc: Hon. Carli Lynn Kierny, District Judge
Attorney General/Carson City
Clark County District Attorney
Mueller & Associates
Clark County Public Defender
Legislative Counsel Bureau Legal Division
Eighth District Court Clerk