# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA COLLECTORS
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF BUSINESS AND
INDUSTRY FINANCIAL
INSTITUTIONS DIVISION; AND
JUSTICE COURT OF LAS VEGAS
TOWNSHIP,
Respondents.

No. 81930

FILED

JUN 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in an action seeking declaratory and injunctive relief in challenging the constitutionality of a statute and a court rule. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant Nevada Collectors Association (NCA) sued respondents the State of Nevada Department of Business and Industry Financial Institutions Division (FID); its Commissioner, Sandy O'Laughlin; and Justice Court of Las Vegas Township (Justice Court). NCA alleged in its complaint that, when combined, NRS 97B.160 and Local Rules of Practice for the Justice Court of Las Vegas Township Rule 16 (JCRLV 16)

SUPREME COURT
OF
NEVADA

(O) 1947A

22-19327

effectively restricted NCA's members' access to the courts.[1] Justice Court moved to dismiss under NRCP 12(b)(5) and FID also moved to dismiss under NRCP 12(b)(5) and NRCP 12(b)(1). The district court granted both motions, finding that NCA lacked standing. We agree.

Questions of standing are reviewed de novo. *Morency v. Dep't of Educ.*, 137 Nev., Adv. Op. 63, 496 P.3d 584, 588 (2021). Constitutional "[s]tanding is a self-imposed rule of restraint" in Nevada; however, "[i]n cases for declaratory relief, and where constitutional matters arise, this court has required" it. *Stockmeier v. Nev. Dep't. of Corr. Psychological Rev. Panel*, 122 Nev. 385, 393, 135 P.3d 220, 225-26 (2006) (first alternation in original) (footnotes omitted) (internal quotation marks omitted), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008). Constitutional standing requires a justiciable controversy between parties with adverse legal interests. *Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986). A legal interest means an actual injury—one that is personal and not general. *Schwartz v. Lopez*, 132 Nev. 732, 743, 382 P.3d 886, 894 (2016) ("Generally, a party must show a personal injury and not merely a general interest . . . ."). For example, in *Doe* we concluded that plaintiffs challenging the constitutionality of a criminal statute lacked an actual injury because they could not show any

---

[1]The parties refer to NRS 97B.160 as Assembly Bill (A.B.) 477. A.B. 477 was codified as NRS Chapter 97B. *See* A.B. 477, 80th Leg. (Nev. 2019); 2019 Nev. Stat., ch. 368, §§ 2-19, at 1-6. NRS 97B.160 places a cap on attorney fees for certain plaintiffs (which includes NCA's members) in actions to collect on debt. JCRLV 16 requires that "[c]orporations and limited liability corporations (LLC) shall be represented by an attorney" in Las Vegas Justice Court. NCA's argument is that the two rules, in combination, render the pursuit of certain debts in the justice court cost-prohibitive to its corporate members.

enforcement efforts made against them under that statute. 102 Nev. at 526, 728 P.2d at 445.

Here, we similarly conclude that NCA has failed to demonstrate a legitimate legal interest. While NCA claims its members' declarations demonstrate actual injury, it never claims that any member received an adverse ruling regarding attorney fees in justice court. Rather, it merely argues that its members *could* spend more on attorney fees than they would be able to recoup, because of NRS 97B.160 and JCRLV 16. We need not resolve the issue of whether FID could pursue a disciplinary action against an NCA member for requesting excess attorney fees, because even if FID could, it has not. *See, e.g., Doe,* 102 Nev. at 526, 728 P.2d at 445 (determining that no actual injury existed because there was nothing in the record to "reflect any enforcement efforts [for violation of the relevant statute] by the State against appellants or others").

Even if NCA had overcome these barriers, we lack jurisdiction to consider controversies brought on a non-party's behalf absent statutory permission. *See, e.g., High Noon at Arlington Ranch Homeowners Ass'n v. Eighth Judicial Dist. Court,* 133 Nev. 500, 511, 402 P.3d 639, 648 (concluding that a homeowners' association's representational standing was governed by statute and High Noon lacked standing under the statute at issue). NCA does not raise, and we are not aware of, any statutory authority giving NCA representational standing here. While NCA relies on federal authority in support of its standing argument, this authority is unavailing because "[s]tate courts are not bound by federal standing principles, which derive from the case or controversy component of the United States Constitution." *Heller v. Legislature of Nev.,* 120 Nev. 456, 461 n.3, 93 P.3d 746, 749 n.3 (2004) (internal quotation marks omitted).

Accordingly, we affirm the judgment of the district court.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Nancy L. Allf, District Judge
       Lansford W. Levitt, Settlement Judge
       Brownstein Hyatt Farber Schreck, LLP/Las Vegas
       Attorney General/Carson City
       Attorney General/Las Vegas
       Olson, Cannon, Gormley, & Stoberski
       Gesund & Pailet, LLC
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk