ROBERT L. STOCKMEIER, APPELLANT, *v.* PSYCHOLOGICAL REVIEW PANEL AND WARDEN CRAIG FARWELL, RESPONDENTS.

No. 42063

June 1, 2006                                                     135 P.3d 807

---

[24]*Id.* at 330-31.

[En banc reconsideration denied July 6, 2006]

*Robert Leslie Stockmeier*, Lovelock, in Proper Person.

*George Chanos*, Attorney General, and *John M. Warwick IV*, Deputy Attorney General, Carson City, for Respondents.

Before ROSE, C. J., DOUGLAS and PARRAGUIRRE, JJ.

## OPINION

By the Court, ROSE, C. J.:

In this proper person appeal and petition for rehearing, we interpret several provisions of NRS 213.1214, which provides that sex offenders must receive certification from a Psychological Review Panel (the Psych Panel) before they can be released on parole. We previously issued an opinion in this case affirming the district court's decision. Appellant Robert Stockmeier subsequently filed a petition for rehearing, and we withdrew our prior opinion. We conclude that rehearing is warranted under NRAP 40(c), grant Stockmeier's petition for rehearing, and issue this opinion in place of our prior opinion.

Stockmeier is an incarcerated sex offender serving the first of two consecutive sentences. Under current practices, before Stockmeier is eligible for parole he must receive certification from the Psych Panel that he does not represent a high risk to reoffend. Stockmeier filed a district court petition for a writ of mandamus, prohibition, or habeas corpus, challenging various events at his most recent Psych Panel hearing as violating NRS 213.1214 and his constitutional rights. The district court denied and dismissed his petition, determining that NRS 213.1214(4) precluded him from filing a petition alleging statutory and constitutional violations at the meeting.

We conclude that the district court abused its discretion when it denied and dismissed Stockmeier's petition under NRS 213.1214(4). NRS 213.1214(4)'s prohibition of prisoner litigation only prohibits challenges to the Psych Panel's decision to grant a hearing or its certification decision. We also conclude that the Psych Panel did not exceed its statutory authority when it considered new allegations of abuse against Stockmeier.

Finally, we conclude that Stockmeier's mandamus petition should be granted because Stockmeier is not required to obtain Psych Panel certification before being eligible for parole on his first sentence. NRS 213.1214(1) provides that a sex offender must receive Psych Panel certification before he can be "release[d] on parole." Stockmeier is serving the first of two consecutive sentences and will not be "release[d]" if he is paroled from his first sentence. He will simply remain incarcerated and begin serving his second sentence. Because we conclude that the district court's disposition of Stockmeier's petition for a writ of mandamus should be reversed, his constitutional claims and petitions for the writs of prohibition and habeas corpus are rendered moot, and we affirm the district court's denial of those writs.

## FACTS

Stockmeier is a sex offender[1] currently incarcerated at the Lovelock Correctional Facility. As a sex offender, Stockmeier must receive certification from the Psych Panel before he can be released on parole. Stockmeier was the subject of a Psych Panel hearing in December 2002.

During the closed session of the hearing, Stockmeier's victim and the victim's family were admitted and allowed to speak. They commented to the Psych Panel about the impact of Stockmeier's offenses on their lives, stated their belief that they were in danger should Stockmeier be released, and asserted that the victim had recently remembered additional acts of physical abuse. The victim had never before alleged those additional acts, which have never been adjudicated and were not included in the presentence investigation report. The Psych Panel then dismissed the victim and the victim's family, while Stockmeier remained. The Psych Panel interviewed Stockmeier, questioning him regarding his conviction and the victim's most recent allegations. Stockmeier admitted to the crimes for which he was convicted but denied committing the newly revealed, uncharged acts. The Psych Panel then dismissed Stockmeier and deliberated during the remainder of the closed session.

---

[1]NRS 213.1214(5) defines a sex offense.

When the Psych Panel opened the meeting to the public, it announced its decision not to certify Stockmeier, noting, among other issues, that he denied accountability for the additional acts of physical abuse. The Psych Panel provided the following explanation in its minutes:

> Panel notes unsatisfactory performance in all Criteria. Panel notes inmates Accountability to crime, but denies some of the physical abuse to victim. Panel notes Antecedents and Victim/Crime Impact as needing more work. Panel also notes Actuarial/Risk factors and suggest inmate further program with Substance Abuse counseling and Sex Offender treatment.

Stockmeier challenged the Psych Panel's consideration of the new physical abuse allegations by filing in the district court a petition for a writ of mandamus and prohibition or, alternatively, for a writ of habeas corpus. Stockmeier's petition alleged numerous constitutional and statutory violations. The district court, without ordering an answer, denied and dismissed the petition. It determined that because NRS 213.1214 prohibits challenges to the decision to grant a hearing, Stockmeier could not challenge the Psych Panel's procedures. This appeal followed.

## DISCUSSION

In the district court, Stockmeier sought, among other writs, a writ of mandamus, which is ''available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control an arbitrary or capricious exercise of discretion.''[2] We review the district court's denial of a writ petition for an abuse of discretion.[3] Stockmeier asserts that the district court abused its discretion when it interpreted NRS 213.1214(4) to prohibit his statutory and constitutional challenges to the Psych Panel hearing. We agree and first address the district court's order denying and dismissing Stockmeier's petition.

### NRS 213.1214(4)'s prohibition of litigation

The district court interpreted NRS 213.1214(4) as precluding Stockmeier's challenges to the Psych Panel hearing. NRS 213.1214(4) provides:

> This section does not create a right in any prisoner to be certified or to continue to be certified. No prisoner may bring a cause of action against the State, its political subdivisions,

---

[2]*County of Clark v. Doumani*, 114 Nev. 46, 53, 952 P.2d 13, 17 (1998) (citation omitted); NRS 34.160.

[3]*Doumani*, 114 Nev. at 53, 952 P.2d at 17.

or the agencies, boards, commissions, departments, officers or employees of the State or its political subdivisions for not certifying a prisoner pursuant to this section or for refusing to place a prisoner before a panel for certification pursuant to this section.

The statutory language is unambiguous and clearly prohibits two causes of action, one for the Psych Panel's failure to certify a prisoner, and one for refusing to consider a prisoner for certification. Nowhere in the statute does it prohibit causes of action regarding the process of conducting the hearing or the statute's validity.

In the instant case, Stockmeier's petition arose from a Psych Panel hearing that he had already attended. He was therefore not asserting a cause of action for the Psych Panel "refusing to place a prisoner before a panel." Stockmeier also was not bringing an action against the Psych Panel for its failure to certify him. He was contesting the notice he received, the procedure the Psych Panel followed during the hearing, and the necessity of a Psych Panel certification when being paroled from one sentence to the next. Therefore, we conclude that NRS 213.1214(4) did not prohibit Stockmeier's writ petition.

## Statutory interpretation of NRS 213.1214

We now turn to Stockmeier's statutory challenges to the Psych Panel's interpretation of NRS 213.1214. Stockmeier argues that (1) the Psych Panel exceeded its authority under NRS 213.1214 when it considered the new allegations of abuse made by the victim's family, and (2) he should not be required to obtain Psych Panel certification in the first place as he is not being "release[d] on parole" as required by NRS 213.1214(1). We address each contention in turn.

Statutory interpretation is a question of law, and we review the district court's interpretation of NRS 213.1214 de novo.[4] When interpreting a statute, we first determine whether its language is ambiguous.[5] If the language is clear and unambiguous, we do not look beyond its plain meaning, and we give effect to its apparent intent from the words used, unless that meaning was clearly not intended.[6]

However, if the statutory language is capable of more than one meaning, it is ambiguous and the plain meaning rule is inapplica-

[4]*State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004).

[5]*State v. Quinn*, 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001).

[6]*Id.*; *Cleghorn v. Hess*, 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993).

ble and the drafter's intent controls.[7] We should interpret statutes to give meaning to each of their parts, such that, when read in context, none of the statutory language is rendered mere surplusage.[8] Ambiguous statutory provisions should be construed in accord " 'with what reason and public policy would indicate the legislature intended,' " and this court's interpretation should not produce an absurd or unreasonable result.[9]

### *The Psych Panel's power under NRS 213.1214*

Before a sex offender can be released on parole, the Psych Panel must "certif[y] that the prisoner was under observation while confined in an institution of the Department of Corrections and does not represent a high risk to reoffend based upon a currently accepted standard of assessment."[10] Stockmeier argues that the Psych Panel cannot consider new allegations, as it did here, and must limit its consideration of whether to certify a prisoner to the crime for which he was imprisoned. We disagree.

NRS 213.1214 does not specify or limit what the Psych Panel may consider; thus, the Psych Panel may consider unproven allegations. Allowing the Psych Panel to consider information outside of the prisoner's offense is supported by the statute's legislative history, which indicates that the Psych Panel was created to evaluate prisoners before their release into society.[11] The Psych Panel's purpose is to ensure that prisoners have been rehabilitated and no longer pose a threat to members of society.[12] Restricting the information the Psych Panel can consider impairs this purpose. While the Psych Panel cannot convict a person or extend his time in prison beyond his sentence, outside information revealing that a prisoner may be a threat to society, even if that information is unrelated to his conviction, is important information for the Psych Panel to consider when certifying a prisoner for early release.

---

[7]*Harvey v. Dist. Ct.*, 117 Nev. 754, 770, 32 P.3d 1263, 1274 (2001).

[8]*Harris Assocs. v. Clark County Sch. Dist.*, 119 Nev. 638, 642, 81 P.3d 532, 534 (2003) ("[W]e 'construe statutes to give meaning to all of their parts and language, and this court will read each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation.' Further, no part of a statute should be rendered meaningless . . . ." (quoting *Coast Hotels v. State, Labor Comm'n*, 117 Nev. 835, 841, 34 P.3d 546, 550 (2001))).

[9]*Id.* (quoting *McKay v. Bd. of Supervisors*, 102 Nev. 644, 649, 730 P.2d 438, 442 (1986)).

[10]NRS 213.1214(1).

[11]*See* Hearing on S.B. 5 Before the Senate Comm. on Finance, 69th Leg. (Nev., April 28, 1997).

[12]Legislative Counsel Bureau, *Treatment of Mentally Ill Offenders*, Bulletin No. 97-7, 69th Leg. (Nev., 1997).

Therefore, we conclude that the Psych Panel did not exceed its authority under NRS 213.1214 by considering the new allegations of abuse against Stockmeier.[13] However, when considering new allegations, the Psych Panel must still comply with the open meeting law, as we indicated in *Stockmeier v. State, Department of Corrections*.[14]

### Application of NRS 213.1214

Stockmeier argues that NRS 213.1214 provides that only sex offenders who are to be released from prison, as opposed to paroled from consecutive sentences, should receive Psych Panel hearings. The Psych Panel believes that certification is needed even if a prisoner is being paroled to serve another consecutive sentence. Both positions concerning what ''released on parole'' means are reasonable. When there are two reasonable interpretations of one statute, the statute is ambiguous and our resort to rules of statutory interpretation is appropriate to discern the legislative intent.[15]

NRS 213.1214(1) provides that ''[t]he Board shall not *release on parole* a prisoner convicted of [sex offenses] unless a panel'' certifies the prisoner. (Emphasis added.) ''Release'' is the ''action of freeing or the fact of being freed from restraint or confinement.''[16] Thus, ''release'' implicates more than just being paroled from one's sentence, it means being freed from incarceration. This meaning contrasts with what occurs when a prisoner serving consecutive sentences is paroled. In that situation, the prisoner is not released into society; he remains in prison and merely begins serving his next sentence.

Legislative history supports the application of NRS 213.1214 only to sex offenders being freed from incarceration. The Legislature replaced NRS 200.375 with NRS 213.1214 in 1997.[17] NRS 200.375 provided that ''[a] person convicted of sexual assault or attempted sexual assault may not be *paroled*'' unless certified. (Emphasis added.) Thus, NRS 200.375 provided for Psych Panel certification as a prerequisite for any parole, not just one that leads to a prisoner's release into society. The genesis of the current statute is reflected in Legislative Counsel Bureau Bulletin Number

---

[13]Stockmeier also argues that the Psych Panel exceeded its statutory power for other reasons. Because we reverse the district court's order denying Stockmeier's petition for mandamus, we do not address other factual situations that would be better developed before the trial court.

[14]122 Nev. 385, 135 P.3d 220 (2006).

[15]*State v. Kopp*, 118 Nev. 199, 202, 43 P.3d 340, 342 (2002).

[16]*Black's Law Dictionary* 1316 (8th ed. 2004).

[17]1997 Nev. Stat., ch. 524, § 10, at 2506; *id.* § 22, at 2513.

97-7.[18] The bulletin focused on protecting the community from sex offenders and providing adequate treatment and rehabilitation for sex offenders in prison.[19] As part of the community protection programs, the report recommended extending the Psych Panel certification requirement to cover additional crimes.[20] Subsequent Senate committee meetings reflect the senators' understanding that the Psych Panel would certify a prisoner for release from prison into society and not simply for an institutional parole to another sentence.[21] The change of NRS 213.1214's statutory language and the legislative history indicate that the Legislature's intent was to require a Psych Panel certification only when a prisoner was to be released into the community.

When interpreting statutes, we strive to reach a reasonable result.[22] The legislative history indicates that the Legislature sought to prevent recidivism and to protect the public when a sex offender is released into society by expanding the list of sex offenses that trigger the Psych Panel certification requirement. Interpreting the ''release on parole'' language to extend to prisoners seeking an institutional parole from one sentence to another does not serve the Legislature's purpose in expanding the Psych Panel's certification requirements. A prisoner serving consecutive sentences will remain in prison and begin to serve the next sentence when he is paroled from the prior sentence. Forcing a prisoner to secure a Psych Panel certification for ''release'' back into the prison population serves no purpose. Therefore, we conclude that the most reasonable interpretation is that prisoners must be certified by the Psych Panel under NRS 213.1214 only when their parole will result in their release from prison.

This interpretation also results in an internally consistent statute. NRS 213.1214(2), which provides for recertification if a parolee returns to the Department of Corrections' custody, would be superfluous if applied to a sex offender with consecutive sentences because a prisoner who is paroled from one sentence to another never leaves the Department of Corrections' custody.

In the present case, Stockmeier was sentenced to two consecutive life sentences for sexual assault. He is currently seeking parole from his first sentence. Should he be paroled from his first sentence, he will immediately begin serving his second sentence. Thus, the Psych Panel does not need to certify Stockmeier before he is eligible for parole from his first sentence. Accordingly, we re-

---

[18]Legislative Counsel Bureau, *supra* note 12.

[19]*Id.* at 16-34.

[20]*Id.* at 93-108.

[21]*See, e.g.*, Hearing on S.B. 5, *supra* note 11.

[22]*Edgington v. Edgington*, 119 Nev. 577, 583, 80 P.3d 1282, 1286-87 (2003).

verse the district court's dismissal of Stockmeier's mandamus petition and direct the district court to grant the petition to allow Stockmeier to apply for parole without Psych Panel certification from the first of his consecutive sentences.

## CONCLUSION

We conclude that NRS 213.1214(4) does not prevent Stockmeier from alleging violations of his constitutional rights that occurred before and during the course of the Psych Panel hearing or challenging the validity of the statute itself. NRS 213.1214(4) only prohibits actions challenging the Psych Panel's decision whether to certify a prisoner and a decision refusing to place a prisoner before the Psych Panel.

We also conclude that the Psych Panel did not violate NRS 213.1214 when it considered Stockmeier's conduct beyond the crime for which he was convicted. However, when the Psych Panel considers new allegations, it must still comply with the open meeting law, as indicated in *Stockmeier v. State, Department of Corrections.*[23]

Finally, we conclude that NRS 213.1214 only applies to prisoners being released into society; it does not apply to sex offenders being institutionally paroled from one sentence to begin serving the next consecutive sentence. As a sex offender serving time for consecutive sentences, Stockmeier is not required to obtain Psych Panel certification before becoming eligible for parole from the first of his two consecutive sentences. If the Parole Board grants him parole from his first consecutive sentence, Stockmeier will not be released from prison but will immediately start serving his second sentence.

Because we conclude that Stockmeier should not have received a Psych Panel hearing and Psych Panel certification is unnecessary at this time, his claimed constitutional violations are rendered moot, and we decline to address them. Another consequence of this decision is that Stockmeier's other pending litigation, *Stockmeier v. Nevada Department of Corrections Psychological Review Panel*, district court case no. P1 03 375, in which we recently issued an opinion regarding open meeting law violations,[24] is also rendered moot.

Accordingly, we reverse in part the district court's order denying and dismissing the petition, affirm in part the district court's denial of Stockmeier's prohibition and habeas corpus petitions, and remand this case to the district court and order it to grant Stockmeier's mandamus petition in accordance with this opinion.

DOUGLAS and PARRAGUIRRE, JJ., concur.

---

[23]122 Nev. 385, 135 P.3d 220 (2006).

[24]*Id.*