OPINION
 

 By the Court,
 

 Saitta, J.:
 

 In this proper person appeal, we consider whether the violation of Nevada’s Open Meeting Law can support a private cause of action for damages. We conclude that it cannot.
 

 Appellant Robert Stockmeier is currently serving the first of two consecutive life sentences as a convicted sex offender. To determine his eligibility for parole, Stockmeier was evaluated by a Psychological Review Panel (Psych Panel), so that it could decide whether to certify him as not at high risk to reoffend.
 

 Thereafter, Stockmeier filed suit in the district court, alleging that during its evaluation, the Psych Panel violated Nevada’s Open
 
 *315
 
 Meeting Law, NRS Chapter 241; he later sought, in that case, damages for these alleged violations. The district court, however, dismissed his complaint, and Stockmeier has appealed.
 

 In this appeal, we conclude that the statute governing Open Meeting Law claims, NRS 241.037, allows for Open Meeting Law violations to be remedied exclusively through declaratory and injunctive relief. As neither NRS 241.037 nor any other statute entitles a party to damages for Open Meeting Law violations, Stockmeier failed to state a viable claim for damages, and thus, we affirm the district court’s order dismissing Stockmeier’s action.
 

 FACTS
 

 Stockmeier is a sex offender currently incarcerated at the Love-lock Correctional Facility, serving the first of two consecutive life sentences. In December 2002, Stockmeier went before the Psych Panel for certification that he was not at high risk to reoffend. If the Psych Panel granted certification, Stockmeier would then be allowed to apply for parole from his first sentence. But in 2002, the Psych Panel denied him certification, and Stockmeier thereafter filed suit in the district court, arguing that the Psych Panel hearing violated Nevada’s Open Meeting Law, as set forth in NRS Chapter 241. Stockmeier’s complaint sought declaratory and injunctive relief.
 

 The district court dismissed Stockmeier’s complaint, however, concluding that the hearing was a quasi-judicial proceeding and, therefore, exempt from the Open Meeting Law. On appeal, this court, in
 
 Stockmeier v. State, Department of Corrections (Stockmeier I),
 
 disagreed and remanded the matter for the district court to determine whether the Psych Panel had violated NRS Chapter 241.
 
 [1]
 
 Subsequently, Stockmeier was allowed to amend his complaint to add a claim for damages under NRS Chapter 41.
 
 [2]
 
 As amended, Stockmeier’s complaint alleged that the Psych Panel’s purported NRS Chapter 241 violations resulted in his being incarcerated for three additional years.
 

 However, before the district court could ascertain whether the alleged violations occurred and address Stockmeier’s claims, this court issued
 
 Stockmeier II.
 

 [3]
 

 In that case, we noted that any alleged Open Meeting Law violations were moot because Stockmeier was
 
 *316
 
 serving the first of two consecutive life sentences and did not need Psych Panel certification to be institutionally paroled from one life sentence to another.
 
 [4]
 
 Consequently, the Psych Panel moved to dismiss Stockmeier’s amended complaint arising from
 
 Stockmeier I,
 
 which was pending before the district court on remand, for failure to state a claim upon which relief could be granted. Relying on
 
 Stockmeier IT
 
 s recognition that the Open Meeting Law violation claims were moot and taking judicial notice of facts in a related pending district court matter,
 
 [5]
 
 the district court dismissed Stockmeier’s amended complaint. This appeal followed.
 

 DISCUSSION
 

 When this court reviews a district court’s dismissal of an action pursuant to NRCP 12(b)(5) for failure to state a claim, we regard all factual allegations in the complaint as true and draw all inferences in favor of the nonmoving party.
 
 [6]
 
 “Dismissal is proper where the allegations are insufficient to establish the elements of a claim for relief.’ ’
 
 [7]
 

 On appeal, Stockmeier argues that the district court erred in dismissing his amended complaint because his claim for money damages for the Psych Panel’s alleged violation of Nevada’s Open Meeting Law remained justiciable even though his requests for declaratory and injunctive relief were moot.
 
 [8]
 

 In response, the Psych Panel contends that because Stockmeier’s purported damages arose from its alleged violation of the Open Meeting Law, Stockmeier’s remedies are limited to those provided
 
 *317
 
 in NRS Chapter 241, specifically, declaratory and injunctive relief. We agree.
 

 NRS 241.037 limits relief for NRS Chapter 241 violations
 

 The issue in this case is whether persons denied rights protected under NRS Chapter 241 may seek damages. NRS Chapter 241 generally requires public bodies acting in their official capacities to conduct their meetings and deliberations openly.
 
 [9]
 

 If a public body violates the Open Meeting Law, NRS 241.037(2) authorizes a person to seek injunctive and declaratory relief. Specifically, NRS 241.037(2) provides, in pertinent part,
 

 Any person denied a right conferred by this chapter may sue in the district court .... A suit may seek to have an action taken by the public body declared void, to require compliance with or prevent violations of this chapter or to determine the applicability of this chapter to discussions or decisions of the public body. The court may order payment of reasonable attorney’s fees and court costs to a successful plaintiff in a suit brought under this subsection.
 

 When determining whether a private cause of action exists to remedy a statute’s violation, legislative intent controls.
 
 [10]
 
 When possible, this court will discern legislative intent from the plain meaning of the words therein,
 
 [11]
 
 without looking “beyond the plain language of the statute.”
 
 [12]
 
 NRS 241.037’s language is clear and unambiguous; while declaratory and injunctive relief are available, the Legislature provided no relief in the form of damages. Because the statute’s express provision of such remedies reflects the Legislature’s intent to provide only those specified remedies, we decline to engraft any additional remedies therein.
 
 [13]
 
 Therefore, we conclude that Stockmeier’s remedies for any violation of the Open Meeting Law were limited to those of injunctive or declaratory re
 
 *318
 
 lief, as set forth in NRS 241.037, the claims for which were rendered moot by
 
 Stockmeier II.
 

 NRS 41.130 does not apply to violations of the Open Meeting Law
 

 Even though NRS 241.037 governs relief for Open Meeting Law violations, Stockmeier contends that damages are available for such violations pursuant to NRS 41.130. We disagree.
 

 “[W]hen a specific statute is in conflict with a general one, the specific statute will take precedence.”
 
 [14]
 
 This is precisely the case presented to us by Stockmeier’s amended complaint.
 

 Stockmeier argues that his assertions with respect to the Open Meeting Law violations constitute negligence-based tort claims pursuant to NRS 41.130,
 
 [15]
 
 thus entitling him to an award of monetary damages. We disagree. The clear legislative intent with respect to Open Meeting Law violations is that remedies thereunder are exclusively limited to declaratory and injunctive relief. Thus, Stockmeier was limited to the specific remedies of NRS 241.037(2), as discussed above, for any viable Open Meeting Law violation claims.
 
 [16]
 

 CONCLUSION
 

 We conclude that NRS 241.037(2) expressly limits remedies for Open Meeting Law violations to injunctive and declaratory relief. We further conclude that damages are not available for Open Meeting Law violations pursuant to the more general provisions of
 
 *319
 
 NRS 41.130. Accordingly, we conclude that the district court did not err in dismissing Stockmeier’s amended complaint for damages for failure to state a claim, and we affirm the district court’s order.
 
 [17]
 

 Maupin and Cherry, JJ., concur.
 

 [1]
 

 122 Nev. 385, 398, 135 P.3d 220, 228-29 (2006),
 
 overruled, in part by Buzz Stew, LLC
 
 v.
 
 City of N. Las Vegas,
 
 124 Nev. 224, 181 P.3d 670 (2008).
 

 [2]
 

 In seeking relief pursuant to NRS Chapter 41, Stockmeier apparently was referring to NRS 41.130, which prescribes liability for personal injuries caused by wrongful acts, negligence, or default.
 

 [3]
 

 Stockmeier
 
 v.
 
 Psychological Review Panel,
 
 122 Nev. 534, 135 P.3d 807 (2006). In that case, Stockmeier had petitioned the district court for a writ of mandamus challenging, among other things, the need for a Psych Panel evaluation when being institutionally paroled from one sentence to the next and the
 
 *316
 
 Psych Panel’s consideration of new, untried evidence. The district court dismissed Stockmeier’s petition, determining that he could not challenge the Psych Panel procedures, and Stockmeier appealed.
 
 Id.
 
 at 538, 135 P.3d at 809.
 

 [4]
 

 Id.
 
 at 543, 135 P.3d at 812-13.
 

 [5]
 

 The district court took judicial notice, pursuant to NRS 47.150, of the assertion set forth in Stockmeier’s complaint in a related district court action,
 
 Stockmeier v. State of Nevada ex rel. Psychological Review Panel,
 
 Sixth Judicial District Court Case No. PI06-0497, that Stockmeier had obtained the Psych Panel certification and was denied parole in 2006.
 

 [6]
 

 Hampe v. Foote,
 
 118 Nev. 405, 408, 47 P.3d 438, 439 (2002),
 
 overruled in part on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 124
 
 Nev. 224, 181 P.3d 670 (2008).
 

 [7]
 

 Id.
 

 [8]
 

 Stockmeier also argues that the district court deprived him of a fair review of this case when it took judicial notice of his complaint in a different pending case. Because we conclude that no private cause of action exists entitling a party to damages solely for Open Meeting Law violations, we need not reach this issue.
 

 [9]
 

 NRS 241.020.
 

 [10]
 

 See Cort v. Ash,
 
 422 U.S. 66, 78 (1975) (setting forth a four-part test for determining if a private cause of action exists to remedy a statute’s violation);
 
 but see Transamerica Mortgage Advisors, Inc. v. Lewis,
 
 444 U.S. 11, 15-20 (1979) (concluding that whether a private remedy exists ultimately rests with legislative intent).
 

 [11]
 

 Cleghorn v. Hess,
 
 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993).
 

 [12]
 

 State
 
 v.
 
 Quinn,
 
 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001).
 

 [13]
 

 See Builders Ass’n v. City of Reno,
 
 105 Nev. 368, 370, 776 P.2d 1234, 1235 (1989);
 
 see also Northwest Airlines, Inc. v. Transport Workers,
 
 451 U.S. 77, 94 (1981).
 

 [14]
 

 Lader v. Warden,
 
 121 Nev. 682, 687, 120 P.3d 1164, 1167 (2005).
 

 [15]
 

 NRS 41.130 states:
 

 Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.
 

 [16]
 

 We are cognizant that when the violation of a statute or another law may be remedied by monetary damages, as well as injunctive or declaratory relief, a complaint for damages may remain viable even when the injunctive or declaratory remedies have been rendered moot.
 
 See, e.g., Powell v. McCormack,
 
 395 U.S. 486, 498-99 (1969) (holding that a claim for damages in the form of lost salary survived a mootness challenge when the damages arose from allegedly illegal conduct and the conduct had ceased);
 
 see also Z Channel Ltd.
 
 v.
 
 Home Box Office,
 
 931 F.2d 1338, 1340-41 (9th Cir. 1991) (holding that summary judgment was not appropriate when damages were available for alleged violation of antitrust laws, despite declaratory and injunctive relief being rendered moot by a change in business practices).
 

 [17]
 

 See Sengel v. IGT,
 
 116 Nev. 565, 570, 2 P.3d 258, 261 (2000) (stating that this court will affirm a district court decision if it reaches the correct decision, even if for the wrong reason). The district court dismissed for the following two reasons: (1) there were no underlying causes of action upon which relief could be granted because
 
 Stockmeier II
 
 rendered his relief moot, and (2) Stockmeier was unable to demonstrate any damages from the Psych Panel’s alleged violations. Because we conclude that Stockmeier is foreclosed from bringing his personal injury claim based on alleged Open Meeting Law violations, we do not reach the issue of whether his claim, if viable, would have survived the mootness challenge or whether he would have been able to demonstrate actual damages.