OPINION
By the Court,
Cherry, J.:
In this proper person appeal we decide whether NRS 213.1214 provides the State Board of Parole Commissioners (Parole Board) with the authority to require Psychological Panel (Psych Panel) certification prior to a prisoner’s release on parole from a sentence involving a nonsexual offense if that prisoner has ever been convicted of a sexual offense.[1] Appellant Eric Douglas claimed that the Parole Board violated a statutory duty regarding his parole when it required him to obtain Psych Panel certification, pursuant to NRS 213.1214, on an offense not enumerated in NRS 213.1214(5). The State, however, contends that it was proper for the Parole Board to require Psych Panel certification because Douglas was previously convicted of a sex offense.
We disagree with the State and conclude that the district court abused its discretion when it denied Douglas’s petition. NRS 213.1214(1) requires a Psych Panel to certify “that the prisoner was under observation while confined in an institution of the Department of Corrections and does not represent a high risk to re-offend based upon a currently accepted standard of assessment.” This requirement applies to the enumerated offenses set forth in NRS 213.1214(5). Significantly, the crime of attempted burglary is not one of the offenses set forth in NRS 213.1214(5). Moreover, neither NRS 205.060 (burglary) nor NRS 193.330 (punishment for attempts) require appellant to receive Psych Panel certification before he is eligible for parole on his sentence for attempted burglary.
We further reject the State’s contention that NRS 213.1214 provides the Parole Board with the broad authority to require Psych Panel certification so long as a prisoner has ever been convicted of a sex offense. To the extent this court’s opinion in Stockmeier v. Psychological Review Panel[2] implied that Psych Panel certification *382 is required on the last offense prior to being released into society for anyone ever convicted of a sex offense, regardless of whether the last offense is a sex offense, we now take the opportunity to clarify that Psych Panel certification is required on an offender’s last sex offense sentence, whether this will involve a release to the street or an institutional parole to serve a sentence on a nonsexual offense.

FACTS AND PROCEDURAL HISTORY

In June 1996, Douglas was convicted of robbery and attempted sexual assault in district court case number C124118 and was subsequently paroled from his sentence in that case. In October 2004, Douglas was arrested and charged with attempted burglary while on parole, and as a result, the district court revoked Douglas’s parole for ten months and Douglas returned to prison.
Subsequently, the district court convicted Douglas of one count of attempted burglary in district court case number C210217 and sentenced him to serve a term in the Nevada State Prison of 14 to 48 months, to run consecutively with Douglas’s sentence for robbery and attempted sexual assault in district court case number C124118. Shortly thereafter, in October 2005, the Psych Panel re-certified Douglas on his attempted sexual assault charge and he was institutionally paroled to serve his sentence in C210217 for attempted burglary.
Douglas was scheduled to appear before the Parole Board on January 23, 2007, seeking to be paroled on the attempted burglary charge. At that hearing, the Parole Board declined to take any action; instead, they informed Douglas that he was required to receive Psych Panel certification and scheduled his Psych Panel review for February 2007. Confused, Douglas contacted a case worker at the prison and complained that he should not be required to undergo a Psych Panel evaluation on his attempted burglary charge because he had already received Psych Panel certification on his attempted sexual assault charge and had been institutionally paroled as to that charge. The case worker responded, “I spoke with the Parole Commissioner office and the new ruling is if you ever had a sex offense (even if it is not what you are currently serving) you must go to the [PJsych [P]anel.”
On February 23, 2007, the Psych Panel denied Douglas certification. Douglas then filed a proper person petition for a writ of mandamus in the district court challenging the Parole Board’s decision to require Psych Panel certification. Douglas argued that the State violated a statutory duty when it required him to be certified by the Psych Panel on a nonsexual offense before he would be allowed to appear before the Parole Board. The State did not oppose *383 the petition below.[3] The district court summarily concluded that NRS 213.1214(2) provided authority for requiring Douglas to obtain Psych Panel certification and denied Douglas’s petition. This appeal followed.

DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion.[4] We review the district court’s denial of a writ petition for an abuse of discretion.[5] Douglas contends that the district court abused its discretion when it denied his petition. We agree.

Recertification pursuant to NRS 213.1214

The district court summarily denied Douglas’s petition “pursuant to NRS 213.1214(2).” NRS 213.1214(2) provides that “[a] prisoner who has been certified pursuant to subsection 1 and who returns for any reason to the custody of the Department of Corrections may not be paroled unless a panel recertifies him in the manner set forth in subsection 1.” The statutory language addressing recertification is unambiguous and clearly requires recertification only when a prisoner previously convicted of a sex offense receives certification, is paroled to the street, and then returns to the custody of the Department of Corrections. Significantly, Douglas was recertified on the attempted sexual assault offense after his parole was revoked in district court case number C124118 and he was returned to prison. NRS 213.1214(2) does not provide authority for requiring Douglas to obtain yet another Psych Panel certification on his attempted burglary charge. Douglas was institutionally paroled from the sentence imposed in district court case number C124118; thus, he remained in custody and clearly did not “return” to prison for the purposes of certification and parole on his attempted burglary offense in district court case number C210217. Further, there is no evidence in the record to indicate that the certification on the attempted sexual as *384 sault obtained after Douglas returned to prison was ever revoked.[6] Therefore, we conclude that the district court’s reliance on NRS 213.1214(2) was misplaced as this provision was inapplicable in the instant case.
The State further contends that Psych Panel certification was appropriate in the instant case because certification is not valid in ‘ ‘perpetuity’ ’ and may be revoked by the Psych Panel pursuant to NRS 213.1214(3) at any time.[7] This argument is irrelevant in the instant case because, as noted above, there is no evidence in the record to suggest that the Psych Panel revoked Douglas’s certification. Moreover, nothing in NRS 213.1214(3) indicates that the revocation of certification on an offense requiring certification would in turn require certification for an offense not enumerated in NRS 213.1214(5). Therefore, NRS 213.1214(3) does not support the State’s argument that the Parole Board may require Douglas to receive Psych Panel certification on his attempted burglary charge. Further, to the extent a prisoner has discharged his sentence on a sex offense, the Psych Panel may not revoke a prisoner’s certification on that charge because the Psych Panel lacks jurisdiction over that sentence.[8]

The scope of NRS 213.1214

Next, we examine Douglas’s challenge to the State’s interpretation of NRS 213.1214. Douglas claimed that the Parole Board violated a statutory duty by requiring him to obtain Psych Panel certification on a nonsexual offense. The State, however, argues that NRS 213.1214 requires a prisoner to obtain Psych Panel certification prior to release on parole if that offender has ever been convicted of a crime listed in NRS 213.1214, even if the offender is seeking parole on a nonsexual offense. The State argues that this court should read NRS 213.1214 and NRS 213.1099(2)(b) together to reach this result.[9]
*385 We disagree with the State, and we conclude that such a broad reading of NRS 213.1214 is untenable because it would produce absurd results.[10] For example, if NRS 213.1214 was interpreted to allow Psych Panel certification for any offender previously convicted of a sex offense, the State could require a prisoner convicted of a sex offense years earlier, who had fully discharged his sentence on the sex offense, to obtain Psych Panel certification on a present conviction involving a nonsexual crime. There is simply no support in the legislative history for such an expansive reading of NRS 213.1214. To the contrary, the Legislature grappled with the question of whether it should expand the list of offenses set forth in NRS 213.1214(5) because it was concerned with the added expense of providing Psych Panel review for the additional offenses.[11] Therefore, it is unlikely that the Legislature intended to require sex offenders to be continuously certified when an offender subsequently commits a nonsexual offense long after the sex offense has been discharged.
We further reject the State’s suggestion that Psych Panel certification should be required in cases like the one at bar, where a sex offender received Psych Panel certification before being institutionally paroled prior to this court’s decision in Stockmeier v. Psychological Review Panel,[12] because before that decision the Parole Board routinely certified sex offenders seeking institutional parole “as a matter of course to expedite the process.” The fact that the Psych Panel may have lapsed in its duty to carry out the legislative mandate set forth in NRS 213.1214(1) does not provide authority for requiring a prisoner to obtain Psych Panel certification on a nonsexual offense.

Stockmeier v. Psychological Review Panel

It appears that the source of the Parole Board’s conclusion that a prisoner must be certified by the Psych Panel if he or she has ever been convicted of a sex offense, regardless of whether the prisoner is currently seeking parole on a nonsexual offense, may be rooted in this court’s decision in Stockmeier. We now take the opportunity to clarify our holding in Stockmeier.
Stockmeier involved a situation where a prisoner was convicted on multiple counts of sexual assault involving consecutive sentences and challenged whether NRS 213.1214 required him to be certified on each individual sentence before he could be institu *386 tionally paroled to the next sentence.[13] This court determined that Stockmeier did not have to be certified when he was released on institutional parole to serve his next sentence; rather, he only needed to be certified when seeking parole on his final sentence when he would be released into society.[14] This court noted that “the most reasonable interpretation is that prisoners must be certified by the Psych Panel under NRS 213.1214 only when their parole will result in their release from prison.”[15] This court concluded that this interpretation achieved internal consistency in the statute because “NRS 213.1214(2), which provides for recertification if a parolee returns to the Department of Corrections’ custody, would be superfluous if applied to a sex offender with consecutive sentences because a prisoner who is paroled from one sentence to another never leaves the Department of Corrections’ custody.”[16]
Because Stockmeier involved a situation where the prisoner was convicted of multiple sexual assaults, it was logical to only require Psych Panel certification on the last of Stockmeier’s sentences for sexual assault. However, when an offender is convicted of multiple offenses, some of which are sex offenses and some of which are not, it is illogical to require Psych Panel certification on the last offense, when that offense is not a sex offense. We find it far more reasonable to require a sex offender to receive Psych Panel certification on the last of his sex offenses regardless of whether that offense involves a release to the street or a release to an institutional parole to serve another sentence. Notably, this coheres with the overall criminal statutory scheme because there is no statutory authority requiring Psych Panel certification on those offenses not enumerated in NRS 213.1214(5).
Furthermore, reading NRS 213.1214 so liberally as the State suggests does nothing to achieve the statutory goal of protecting the public from offenders at risk to engage in sexually deviant crimes. While this court agrees that Psych Panel certification is necessary to protect the public, there is no reasonable justification for requiring a sex offender to obtain multiple Psych Panel certifications prior to release. Thus, we conclude that there is no support for an interpretation of NRS 213.1214 that would result in requiring a sex offender to continuously obtain Psych Panel certification, even when that offender is seeking parole on a nonsexual offense. Instead, we interpret NRS 213.1214 to provide authority for requiring Psych Panel certification only when a sex offender is seeking *387 parole on the last of his sex offenses and, under NRS 213.1214(2), when a sex offender returns to the custody of the Department of Corrections prior to discharging the sentence on that sex offense. Finally, we note that the Parole Board must still consider NRS 213.1099(2) when determining whether a prisoner should be released into society; therefore, if the Parole Board determines that Douglas’s release is incompatible with the welfare of society, it is certainly free to deny Douglas parole.
In the instant case, Douglas was convicted of attempted burglary and the district court ordered his sentence to run consecutively with his conviction for robbery and attempted sexual assault in another case. Douglas received Psych Panel recertification on the attempted sexual assault charge and was institutionally paroled to serve his sentence for attempted burglary. Importantly, no statutory authority requires Douglas to receive Psych Panel certification for attempted burglary.[17] We conclude that under these circumstances the Parole Board should not have required Douglas to be certified before he is eligible for parole from his attempted burglary sentence. Accordingly, we reverse the district court’s denial of Douglas’s mandamus petition and direct the district court to grant the petition and issue the writ of mandamus to direct the Parole Board to consider Douglas’s application for parole without requiring him to obtain Psych Panel certification on his attempted burglary sentence.

CONCLUSION

We conclude that NRS 213.1214(2) only applies to prisoners who are released into society and then return to the Department of Corrections; it does not apply to prisoners who are institutionally paroled to serve another sentence because, in that circumstance, a prisoner never leaves custody and therefore does not “return” to prison.
We also conclude that NRS 213.1214 does not provide authority for requiring a sex offender to be certified when seeking parole on a nonsexual offense. For that reason, we conclude that an offender convicted of both sexual and nonsexual offenses should receive Psych Panel certification on the last of his sex offenses, regardless of whether that offense involves a release to the street or a release to an institutional parole to serve another sentence for a nonsexual offense. As a sex offender serving time for both nonsexual and sexual offenses, Douglas was only required to receive Psych Panel certification prior to being paroled on his attempted sexual assault sentence. Because Douglas received certification on that sentence, he is not required to obtain further Psych Panel certification before being eligible for parole in the instant case.
*388 Accordingly, we reverse the district court’s order denying the petition and remand this case to the district court and order it to grant Douglas’s mandamus petition in accordance with this opinion.[18]
Saitta, J., concurs.

 NRS 213.1214(5) sets forth the list of sex offenses.

 122 Nev. 534, 135 P.3d 807 (2006).

 On January 18, 2008, this court ordered the Attorney General to show cause why the district court’s order should not be reversed and the case remanded for further proceedings.

 See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

 Stockmeier, 122 Nev. at 538, 135 P.3d at 809.

 NRS 213.1214(3).

 NRS 213.1214(3) provides that “[t]he panel may revoke the certification of a prisoner certified pursuant to subsection 1 at any time.”

 See Johnson v. Director, Dep’t Prisons, 105 Nev. 314, 316 n.4, 774 P.2d 1047, 1049 n.4 (1989).

 NRS 213.1099(2) requires the Parole Board to consider: (1) whether there is a reasonable probability that the prisoner will live and remain at liberty without violating the laws; (2) whether the release is incompatible with the welfare of society; (3) the seriousness of the offense and the history of the criminal conduct of the offender; (4) the standards adopted pursuant to NRS 213.10885; and (5) the recommendation of the Chief Parole and Probation Officer, and any documents or testimony submitted by a victim notified pursuant to NRS 213.130.

 Gallagher v. City of Las Vegas, 114 Nev. 595, 599-600, 959 P.2d 519, 521 (1998) (holding that an interpretation of a statute “should be in line with what reason and public policy would indicate the legislature intended, and should avoid absurd results”).

 See Hearing on S.B. 5 Before the Assembly Comm, on Ways and Means, 69th Leg. (Nev., June 24, 1997).

 122 Nev. 534, 135 P.3d 807 (2006).

 122 Nev. at 541-42, 135 P.3d 811-12.

 Id. at 542, 135 P.3d at 812.

 Id.

 Id.

 NRS 205.060; NRS 193.330; NRS 213.1214(5).

 We have considered all proper person documents submitted in this matter, and we conclude no further relief is warranted.