Maupin, J.,
dissenting:
The appellant in this case, Eric Todd Douglas, was convicted of attempted sexual assault and sentenced to a term of incarceration in the Nevada Department of Corrections. He was eventually released on parole, evidently following certification under NRS 213.1214(1) by a psychiatric panel (Psych Panel) that he did not “represent a high risk to reoffend.”[1] He committed a nonsexually based offense while on parole and was returned to custody to continue service of his original sentence for attempted sexual assault.
Douglas was also later convicted of attempted burglary based upon the facts that led to the revocation of his parole from the original sentence for attempted sexual assault. The district court ordered that the second sentence run consecutively with the first sentence, with the net effect that Douglas could only begin service of his sentence for attempted burglary upon his discharge or institutional parole from the attempted sexual assault sentence.
At some point, pursuant to NRS 213.1214(2),[2] Douglas satisfactorily underwent another psychiatric evaluation and was recertified by the Psych Panel. He was thereafter given institutional parole to begin service of the consecutive attempted burglary sentence. Then, when he was scheduled to appear before the Parole Board on the consecutive sentence for the attempted burglary, he was required to undergo yet a third certification procedure and was refused certification by the Psych Panel. In my view, this was clearly permitted under NRS 213.1214, which outlines the certification procedures for persons convicted of sexually based crimes enumerated therein. NRS 213.1214 provides as follows:
1. The Board shall not release on parole a prisoner convicted of an offense listed in subsection 5 unless a panel consisting of:
(a) The Administrator of the Division of Mental Health and Developmental Services of the Department of Health and Human Services or his designee;
*389 (b) The Director of the Department of Corrections or his designee; and
(c) A psychologist licensed to practice in this State or a psychiatrist licensed to practice medicine in this State,
certifies that the prisoner was under observation while confined in an institution of the Department of Corrections and does not represent a high risk to reoffend based upon a currently accepted standard of assessment.
2. A prisoner who has been certified pursuant to subsection 1 and who returns for any reason to the custody of the Department of Corrections may not be paroled unless a panel recertifies him in the manner set forth in subsection 1.
3. The panel may revoke the certification of a prisoner certified pursuant to subsection 1 at any time.
4. This section does not create a right in any prisoner to be certified or to continue to be certified. No prisoner may bring a cause of action against the State, its political subdivisions, or the agencies, boards, commissions, departments, officers or employees of the State or its political subdivisions for not certifying a prisoner pursuant to this section or for refusing to place a prisoner before a panel for certification pursuant to this section.
5. The provisions of this section apply to a prisoner convicted of any of the following offenses:
(a) Sexual assault pursuant to NRS 200.366.
(b) Statutory sexual seduction pursuant to NRS 200.368.
(c) Battery with intent to commit sexual assault pursuant to NRS 200.400.
(d) Abuse or neglect of a child pursuant to NRS 200.508.
(e) An offense involving pornography and a minor pursuant to NRS 200.710 to 200.730, inclusive.
(f) Incest pursuant to NRS 201.180.
(g) Solicitation of a minor to engage in acts constituting the infamous crime against nature pursuant to NRS 201.195.
(h) Open or gross lewdness pursuant to NRS 201.210.
(i) Indecent or obscene exposure pursuant to NRS 201.220.
(j) Lewdness with a child pursuant to NRS 201.230.
(k) Sexual penetration of a dead human body pursuant to NRS 201.450.
(l) Luring a child or a person with mental illness pursuant to NRS 201.560, if punished as a felony.
(m) An attempt to commit an offense listed in paragraphs (a) to (1), inclusive.
(n) An offense that is determined to be sexually motivated pursuant to NRS 175.547.
*390 (o) Coercion or attempted coercion that is determined to be sexually motivated pursuant to NRS 207.193.
This provision recognizes that individuals convicted of sexually based offenses have a unique propensity to reoffend and, thus, offers significant protection to the general public.
In summary, the measure does several things. First, NRS 213.1214(1) requires a Psych Panel certification before the sexual offender may be released from incarceration on parole.[3] Second, under NRS 213.1214(2), a sexual offender that violates his parole and is returned to the custody of the Department of Corrections “for any reason” may not be paroled again unless he is recertified. Third, under Stockmeier, the Psych Panel procedure is not implicated in situations involving “institutional” parole from one sentence of incarceration to another.[4] Fourth, NRS 213.1214(3) enables the panel to revoke certification of any “prisoner certified pursuant to subsection 1 at any time.” And fifth, under NRS 213.1214(4), the statute creates no “right in any prisoner to be certified or to continue to be certified.”
In this case, even assuming that the recertification procedure undertaken as a condition to Douglas’s institutional parole had any legal effect under Stockmeier, he had no right to avoid another re-certification procedure before seeking release from incarceration on the subsequent nonsexual offense. Subsection 2 requires recertification before release from incarceration regardless of the reason for the prisoner’s return to custody, and subsections 3 and 4 clearly give no rights of finality to the certification process. Moreover, because Douglas is still on institutional parole for the sexually based offense, there is nothing in NRS 213.1214 that prohibits another Psych Panel evaluation before his physical release from incarceration.[5]
Douglas was convicted of a sexually based offense and imprisoned, was properly paroled following a Psych Panel certification, was returned to custody after his parole was revoked for committing a nonsexually based offense, and under NRS 213.1214(2) *391 and Stoclcmeier, he could not be released from custody without another certification. That he underwent a second certification prior to being granted institutional parole to begin service of the second sentence is of no moment under Stockmeier. Reading NRS 213.1214 in its entirety, the Department of Corrections and the Parole Board were within their rights to condition his ultimate release to the street upon yet a third evaluation.
The majority today creates rights to finality under NRS 213.1214 that do not exist and indicates that the Department of Corrections and the Parole Board can somehow waive the State’s rights to enforce NRS 213.1214 by performing an evaluation that is of no effect under Stockmeier. It also suggests that a more cursory evaluation done to facilitate institutional parole to another sentence is binding so as to preclude additional evaluations clearly allowed under this statute to protect the public. That, in my view, effects an absurd result.

 See NRS 213.1214(1).

 NRS 213.1214(2) provides that “[a] prisoner who has been certified pursuant to subsection 1 [of NRS 213.1214] and who returns for any reason to the custody of the Department of Corrections may not be paroled unless a panel recertifies him in the manner set forth in subsection 1.”

 See Stockmeier v. Psychological Review Panel, 122 Nev. 534, 541-42, 135 P.3d 807, 811-12 (2006).

 Id.

 The majority impliedly reaches the issue of whether a sexual offender whose sexual offense sentence has been discharged is still subject to NRS 213.1214 if he or she remains imprisoned on another nonsexually based offense. While the statute is silent in that regard, the issue is not before us in this case. I would note, however, my view that the rule of lenity does not apply to this type of statute, which is administrative in nature and any interpretation of it does not implicate rules of construction concerning criminal statutes.